RALPH B. GUY, JR.,
dissenting.
I respectfully dissent. Defendant appeals from the denial of his § 2255 motion to vacate his sentence based upon a claim of ineffective assistance of counsel.[7] Defendant had entered a Rule 11 guilty plea to an indictment charging a large and long-running drug conspiracy. He pleaded guilty to the conspiracy charge in exchange for having two other substantive drug charges dismissed. The plea agreement included a stipulation that the drug quantity involved was at least 50 but less than 150 kilograms of cocaine. Some 75 days after entering his guilty plea, Valdez moved to withdraw the plea based upon a claim that he thought he was pleading to between 50 and 150 grams of cocaine. This motion was denied.
At sentencing, Valdez was found to be in criminal history category IV and have an offense level of 33 which resulted in a sentencing range of 188 to 235 months. The court imposed a 192-month sentence after allowing a three-point reduction for acceptance of responsibility and reducing the presentence-report-recommended criminal history category from VI to IV.
Despite the fact that Valdez waived his right to appeal in his plea agreement, he nonetheless filed a direct appeal claiming that his guilty plea was not knowing and voluntary, that it was error to deny his motion to withdraw his plea, and that he was denied effective assistance of counsel. We affirmed the conviction, rejecting defendant’s first two claims of error, but consistent with Sixth Circuit practice, no *329 ruling was made on the ineffective assistance of counsel claim. Defendant then filed this § 2255 motion claiming that his counsel was ineffective in the following particulars: (1) failing to file the motion to withdraw the guilty plea until 75 days after the plea; (2) failing to fully investigate Valdez’s criminal history before advising a guilty plea; and (3) failing to ensure that Valdez understood the potential sentence to which his plea exposed him.
I.
A. The Late Filing of the Motion to Withdraw the Guilty Plea
First, since there was no evidentiary hearing in the district court, we have only the defendant’s assertions that he had asked his attorney to file the motion shortly after the plea was entered. Assuming the facts are as defendant claims, however, he was still not entitled to withdraw his plea. Although the district court (and the Sixth Circuit on appeal) did reference the unexcused late filing, both courts also held that there was no merit to the claim since Valdez was repeatedly told the drug quantities involved; the quantities were stated in the plea agreement; his plea agreement was found to be voluntary and knowing; and, finally, it is absurd to think that a drug dealer would not know the difference between kilograms and grams. Thus, even if the attorney’s performance was below standards in filing the motion late, defendant can show no prejudice.
Finally, defendant was informed and knew that he had agreed he could not withdraw his plea if he was dissatisfied with the presentence report and the recommended sentence.
B. The Failure to Investigate Defendant’s Criminal History
Again we have to assume for the purposes of the appeal that there was such a failure, although there is no record support for this assumption. In fact, the record is to the contrary. Eleven objections were filed to the presentence report and all were addressed. In addition, at sentencing the trial judge granted defendant’s motion based upon an alleged overstatement of his criminal history, and reduced his criminal history category two levels, from VI to IV, resulting in a reduction of his guideline range from 235-293 months to 188-235 months. Valdez was sentenced to 192 months, the lower end of the guideline range.
The defendant is saying, in essence, that if he knew that he was going to get a sentence as long as the one he received, he would not have pleaded guilty. This argument is not supported by the record. Defendant was repeatedly told that until the presentence report was completed, there were no guarantees as to sentence. Also, his plea agreement was silent as to length of sentence. At his plea hearing the government attorney stated:
We have not set forth in the agreement the actual guideline range due to the fact we are not exactly sure of what the criminal history category would be, so at this point, I would indicate that it would be, by our contemplation, a level 33, and I guess we can assume a category one until further notice. I know Mr. Rion’s had some discussion with his client regarding his prior criminal history. We have simply chosen not to make that part of the agreement and therefore have not referenced a specific guideline range.
Shortly thereafter, the trial judge stated:
You should understand, gentlemen, that the Court cannot now determine with certainty the level of the guideline range into which you will fall. That will not be able to be determined until the time of *330 sentencing, but you should also understand that if I accept your plea of guilty today, you have no right under the plea agreement that you have signed and acknowledged you are willing to live by to withdraw your plea. Do you understand that?
Finally, given the greater drug quantity attributed to the conspiracy charge, the potential guilty verdicts on the two dismissed counts, the overwhelming evidence that convinced 33 other defendants to plead guilty, the significant sentence imposed on the sole defendant who did go to trial on Count 1, and the fact that defendant would have lost his acceptance of responsibility reduction, it was not ineffective assistance for Valdez’s attorney to advise him to take the plea agreement.
Thus, as with defendant’s first claim, even if we assume counsel should have made a more complete investigation of his client’s past history, defendant cannot show any prejudice.
C. Failure to Ensure that Defendant Knew the Potential Sentence He Might Receive
This third issue is really little different than the second in that defendant has to be saying, “I wouldn’t have pleaded guilty if I knew I might receive a 192-month sentence.” Since defendant was told over and over again that he could not be told his precise sentence at the time of his plea and he agreed in his plea that he would accept whatever the sentence was, there is simply nothing to this claim. His attorney never predicted any precise sentence and even if he had, what went on in open court would trump such a prediction.
II.
The court in granting a remand does so primarily on the basis of one statement, taken out of context, which appears in the court’s order denying relief to the defendant: “The ineffective assistance of counsel claim has already been disposed of by the Sixth Circuit in his direct appeal.” Based upon this statement the majority concludes:
The district court appears to have erred in deciding that this court had already disposed of Valdez’[s] ineffective-assistance-of-counsel claims on direct appeal. A remand is therefore warranted so that the district court can decide the claims and whether Valdez is entitled to an evidentiary hearing on the claims.
The majority does not mention two other significant statements made by the district judge in the same short order. Two paragraphs earlier and on the same page, the district judge said: “On direct appeal the Sixth Circuit affirmed the conviction and sentence and held ... his ineffective assistance of counsel claim would not be considered on direct appeal.”
Admittedly, this is in apparent conflict with the statement made shortly thereafter. The conflict is easily resolvable, however, when two other statements made by the court in the order are considered. First the court states in the first paragraph: “For the reasons extremely well set out in the Government’s nineteen (19) page response in opposition to Petitioner’s motion, his motion will be denied.” In a similar vein the order concludes with this sentence: “For the reasons herein above stated and those well set forth in the Government’s brief in opposition, the petitioner’s [motion] is denied.”
The majority thus makes no mention of the principal rationale for the district court’s ruling. Although we might not commend the trial judge for taking the shortcut he did rather than setting forth just what arguments the government made *331 that he was adopting, that is no reason to ignore those arguments.
The government carefully and completely set forth all of the reasons why the defendant was not entitled to relief on his claim of ineffective assistance of counsel. I have merely recapitulated those arguments. Like the district judge, I find the government’s arguments completely resolve the issues raised by the petitioner, and I would affirm.

. Other claims raised by defendant were deemed waived and are not before us.